IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES J. STAPLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 16-cv-0644-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING *JOHNSON*-BASED PETITION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. 2255

**REAGAN, Chief Judge:**

    A.    **Introduction**

In Case No. 08-cr-30074-MJR ("the underlying case"), Charles Staples pled guilty to conspiring to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(B), and 846. The undersigned sentenced Staples to 249 months in prison, followed by eight years of supervised release.[1] Judgment was entered March 4, 2009. No direct appeal was taken.

On June 14, 2016, Staples filed a *pro se* petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255, based on two Supreme Court decisions: (1) ***Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015),** which declared unconstitutional a portion of a federal statute -- the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(2)(B)(ii), and (2) ***Welch v. United States,* -- U.S. --, 136 S. Ct.**

---

    [1]    The term of imprisonment was modified in April 2015.

**1257 (2016),** which held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

On threshold review of the petition, the undersigned appointed counsel to assist Staples in pursuing any *Johnson*-based relief to which he might be entitled. Assistant Federal Public Defender Daniel G. Cronin entered an appearance. On August 27, 2016, he filed a detailed memorandum explaining why, in his opinion, "there is no non-frivolous basis for the relief sought" in the § 2255 petition (Doc. 5, p. 1). Mr. Cronin diligently filed a supplemental brief (Doc. 7), after the United States Court of Appeals for the Seventh Circuit decided *United States v. Hurlburt,* **835 F.3d 715 (7th Cir. 2016) (finding the residual clause in § 4B1.2(a)(1) of the U.S. Sentencing Guidelines unconstitutionally vague),** and *United States v. Rollins,* **836 F.3d 737 (7th Cir. 2016) (holding that a crime listed *only* in the Application Notes to U.S.S.G. 4B1.2, such as robbery, does not qualify as a "crime of violence" so as to support classifying a defendant as a career offender).**

After Mr. Cronin filed his memoranda, the Court adjusted the briefing schedule, inter alia, to provide Petitioner Staples an opportunity to file a pro se reply, after the United States had weighed in with its brief. The United States responded on October 4, 2016 (Docs. 9-10). Mr. Staples failed to file a reply brief by the November 4, 2016 deadline or to seek an extension of that deadline. The issues are fully briefed. For the reasons explained below, the Court finds that a hearing is not needed and denies the petition.

### B.     Preliminary Issues

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court must determine whether an evidentiary hearing is warranted. Not every petition warrants a hearing. *Boulb v. United States,* 818 F.3d 334, 339 (7th Cir. 2016). *See also Martin v. United States,* 789 F.3d 703, 706 (7th Cir. 2015) ("It is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases," such as where the record conclusively shows the prisoner is not entitled to relief.); *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (to justify a hearing, petition must be accompanied by a detailed affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions). The record before this Court conclusively reveals that Staples is not entitled to relief, so no hearing is needed.

Next, the Court addresses whether Staples' § 2255 petition was timely filed. It was. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitations for prisoners to file petitions seeking to modify or vacate their sentences under 28 U.S.C. 2255. **28 U.S.C. 2255(f);** *Purvis v. United States*, 662 F.3d 939, 942 (7th Cir. 2011). *Accord Clay v. United States*, 537 U.S. 522, 524 (2003) ("A motion by a federal prisoner ... under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'").

The one-year limitation period is triggered by the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. 2255(f).**  The statute does not provide for extensions of time.[2]

Staples filed his petition on June 14, 2016 -- within the one-year period set forth in § 2255(f)(3), based on the Supreme Court's June 26, 2015 decision in *Johnson*, which is retroactively applicable to cases on collateral review.  **Welch, 136 S. Ct. at 1265 (7th Cir. 2016) ("*Johnson* is … a substantive decision and so has retroactive effect … in cases on collateral review.");** *Price v. United States*, **795 F.3d 731, 734 (7th Cir. 2015) (*Johnson* announced a new substantive rule which applies retroactively on collateral review).**  The Court treats the petition as timely-filed.

    C.    <u>Analysis</u>

Analysis starts with the proposition that relief under § 2255 is limited.  It is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice.  *Blake v. United States,* **723 F.3d 870, 879 (7th Cir. 2013).**  *Accord United States v. Coleman,* **763 F.3d 706, 708 (7th Cir. 2014).**

---

[2] The limitation period is not jurisdictional and can be equitably tolled. ***Boulb v. United States,* 818 F.3d 334, 339 (7th Cir. 2016),** *citing Holland v. Florida,* **560 U.S. 631, 645 (2010).**  But equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control" which prevented him from filing the petition on time.  *Id., quoting Socha v. Boughton,* **763 F.3d 674, 684 (7th Cir. 2014).**  *Accord Nolan v. United States,* **358 F.3d 480, 484 (7th Cir. 2004).**

Staples insists there has been an error of constitutional proportions. He contends that he was "unlawfully enhanced to the status of Career Offender and … unconstitutionally punished in violation of the Fifth and Sixth Amendments," because the language of the residual clause that was struck down in *Johnson* is "also found in the Career Criminal Act's statutory language," and his "conviction in 1993 of armed robbery does not qualify as a predicate offense for Career Criminal enhanced punishment," leaving "only one predicate offense (delivery of a controlled substance) as being applicable for a CCA enhancement" (Doc. 1, p. 4).

Before reaching the merits of this argument, the Court must confront an obvious procedural impediment – Staples waived the right to collaterally challenge his sentence pursuant to 28 U.S.C. 2255. On November 7, 2008, Charles Staples executed a written plea agreement in which he acknowledged that he had rights to contest his sentence under Title 18 and Title 28, as well as certain appeal rights. The plea agreement then stated (Doc. 32, pp. 10-11 in criminal case):

> Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under … Title 28, or under any other provision of federal law….
>
> Defendant's waiver of his right to … bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those courts, and which renders the defendant actually innocent of the charges covered herein….

The Court concludes that this waiver, which was knowingly and voluntarily executed, dooms Staples' § 2255 petition. Clearly, a defendant can waive his right to

5

collateral review as part of a plea agreement. Such waivers are enforced unless the plea agreement was involuntary, the court relied on a constitutionally impermissible factor (like the defendant's race), the sentence exceeded the statutory maximum, or the defendant claimed ineffective assistance of counsel in connection with negotiation of the plea agreement. **Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011),** *citing* **Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999); Gaylord v. United States, 829 F.3d 500, 505 (7th Cir. 2016).** None of these exceptions applies here.

The plea agreement left one other door to collateral review potentially open to Staples. As cited above, the agreement stated that the waiver of the right to bring a collateral challenge does *not* apply to any subsequent change in the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts *and* that renders the defendant actually innocent of the charges. Staples does not rely on this provision. But if he had, the reliance would be misplaced, because *Johnson* did *not* render Staples actually innocent of the charge he pled guilty to – conspiracy to distribute, and possess with intent to distribute, heroin.[3] The undersigned finds Staples' § 2255 waiver enforceable, and that waiver precludes the relief he seeks.

---

[3] *Johnson* stands in contrast to **Flores-Figueroa v. United States, 556 U.S. 646, 657 (2009)**, which changed the proof required for conviction under the aggravated identity theft statute. In *Flores-Figueroa,* an element of the offense of conviction was changed by the Supreme Court's opinion and that change resulted in the defendant being *actually innocent* of the charge. *Johnson* did not alter Staples' offense in any way that made him innocent of the narcotics charges he pled guilty to in this Court.

6

If the Court were free to disregard the § 2255 waiver, Staples' challenge would fail on the merits, because even after *Johnson*, Staples continues to qualify as a career offender. He still has the necessary two predicate offenses.

*Johnson* declared unconstitutional part of a federal statute -- the residual clause of the ACCA, 18 U.S.C. 924(e)(2)(B)(ii). *Johnson* did not address the residual clause found in several provisions of the Sentencing Guidelines, such as the career offender provision under which Charles Staples was sentenced (Doc. 35 in underlying case, p. 7). But later cases did, as described below herein.

Section 4B1.1 of the Guidelines says a defendant is a **career offender** if (1) he was at least 18 years old at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. **U.S.S.G. 4B1.1(a).**

There is no question that Staples (who was born in February of 1954) was at least 18 years old when he committed the instant offense of conviction. There is no question that his instant offense of conviction was a felony that is a controlled substance offense. There is no question that Staples had two prior felony convictions. One of those (a May 1990 conviction in the Circuit Court of Cook County, Illinois for delivery of a controlled substance, Case No. 89-CR-1326501) plainly counts as a predicate – it is a controlled substance offense. Staples himself concedes this. The only question is whether Staples' August 1993 conviction for armed robbery (Cook County Case No. 92-CR-2374901) was a crime of violence. It is, and the conviction was properly counted.

When Staples was sentenced, § 4B1.2(a) defined **crime of violence** as any offense under federal or state law punishable by imprisonment for a term exceeding one year that:

(1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

The ACCA residual clause found impermissibly vague in *Johnson* was identical to the residual clause italicized above -- the latter clause of subsection (a)(2) of §4B1.2. Three months ago, the Seventh Circuit, applying the rationale of *Johnson*, found the residual clause in § 4B1.2(a)(2) unconstitutionally vague. **United States v. Hurlburt, 835 F.3d 715, 718 (7th Cir. 2016).** Not all courts of appeal have reached the same conclusion (indeed, there is a circuit split), and the United States Supreme Court has not yet resolved the issue.

The Supreme Court is poised to decide the question soon. In **Beckles v. United States, No. 15-8544, 135 S. Ct. 2510 (June 27, 2016),** certiorari was granted on, inter alia, whether the rule announced in *Johnson* applies to the residual clause of U.S.S.G. 4B1.2(a)(2) and, if so, whether it applies retroactively on collateral review. There is no need to postpone ruling in this case awaiting a decision in *Beckles*. Even if the high Court reaches the same conclusion as the Seventh Circuit did in *Hurlburt* (invalidating the residual clause of § 4B1.2(a)(2)), that will not entitle Staples to relief, because his armed robbery conviction is a predicate under a provision *other than the residual clause* of

8

§ 4B1.2(a)(2). It is a crime of violence under the *elements* clause of § 4B1.2(a)(1) and is left untouched by *Johnson, Hurlburt,* and *Rollins*.

In deciding whether a prior conviction qualifies as a crime of violence, the federal sentencing court examines the legal elements of the crime, not the specific conduct of a particular defendant on a certain day. **Begay v. United States, 553 U.S. 137 (2008).** The court compares two things – the judgment and the statute of conviction – to determine whether the elements of the prior offense are the kind that make the offense a violent crime. See *United States v. Ker Yang,* **799 F.3d 750, 752 (7th Cir. 2015),** *citing United States v. Woods,* **576 F.3d 400, 403 (7th Cir. 2009).** *Accord Descamps v. United States,* **-- U.S. --, 133 S. Ct. 2276 (2013).** *See also Mathis v. United States,* **-- U.S. --, 136 S. Ct. 2243 (2016);** *Taylor v. United States,* **495 U.S. 575, 599 (1990).**

This is referred to as the categorical approach.[4] With this in mind, we examine Staples' Illinois armed robbery conviction.

Section 4B1.2(a)(1) includes as a violent crime any offense that has as an element the use, attempted use, or threatened use of physical force against another person. In 1992 and 1993, the Illinois armed robbery statute provided that a person commits

---

[4] In certain circumstances, a sentencing judge can look *beyond* the judgment and the statute of conviction to a limited set of additional materials, like charging documents. This resort to outside documents is permissible if the prior judgment identifies only the statute of conviction, and the conviction was for violating a divisible statute (i.e., a statute that lists elements in the alternative and gives the prosecution more than one way to prove an offense, not all of which would qualify as a violent crime). This modified categorical approach is used if a divisible statute "renders opaque which element played a part in the defendant's conviction." **DesCamps, 133 S. Ct. at 2283.** The court then may review documents from the prior case to ascertain which of the statute's alternative elements the prior conviction rested on and whether those elements fit the "crime of violence" definition. *Id.* **at 2284.**

9

armed robbery when he violates Section 18-1 (i.e., commits robbery -- knowingly taking property from another individual by the use of or threatened imminent use of force) while he carries on or about his person, or is otherwise armed with, a dangerous weapon.  **Ill. Rev. Stat., Ch. 38, par. 18-2.**

Records before this Court (properly considered under the categorical approach) establish that Staples was convicted of committing armed robbery under Illinois law, "ch. 38, Sec. 18. Par. 2-1," by "use of force and by threatening the imminent use of force while armed with a dangerous weapon" and taking "a wallet and its contents from Sheila Pippins" (Doc. 10-3, p. 5, pp. 8-10).  Staples' Illinois armed robbery conviction contains the elements which render the conviction a "crime of violence" under the elements clause of U.S.S.G. § 4B1.2(a)(1).  *See also United States v. Carter*, **910 F.2d 1524, 1532 (7th Cir. 1990),** *cert. denied,* **499 U.S. 978 (1991) ("It is beyond dispute than under Illinois law, robbery is an offense that has as an element the use or threatened use of force.").**

The Seventh Circuit recently reminded that *Johnson* did not reopen "all questions about the proper classification of prior convictions under the Guidelines.... [T]he sole holding of *Johnson* is that the residual clause [of the ACCA] is invalid." *Stanley v. United States of America*, **827 F.3d 562, 564 (7th Cir. 2016).**  And earlier this month the Seventh Circuit remarked, that *Johnson* and *Hurlburt* "leave intact the 'elements clause' of the 'crime of violence' definition under § 4B1.2(a)(1)." *United States v. Armour*, **-- F.3d --, 2016 WL 6440383, *2 (7th Cir. Nov. 1, 2016).**

Charles Staples continues to qualify as a career offender following *Johnson* and related cases, because he still has the necessary two predicate offenses to be a career offender -- delivery of a controlled substance and armed robbery under Illinois law.

D.  **Conclusion**

The waiver provision in Staples' plea agreement is valid and enforceable. It bars this collateral attack.

Even if the Court disregarded the waiver, Staples would not be entitled to relief under § 2255. Both of his predicate offenses count as crimes of violence under provisions of the Guidelines *other than* the residual clause of U.S.S.G. 4B1.2(a)(2). They were properly counted as predicate offenses, even if the Supreme Court holds that *Johnson* covers the Guidelines and applies retroactively on collateral review. Accordingly, the Court **DENIES** the § 2255 petition and **DISMISSES** this action with prejudice.

E.  **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires a district court entering a final order adverse to a petitioner to issue or deny a certificate of appealability. 28 U.S.C. 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This standard requires the petitioner to demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the "issues presented were adequate to deserve encouragement to proceed

11

further." *Miller-El v. Cockrell,* **537** **U.S. 322, 336 (2003),** *citing Slack v. McDaniel,* **529 U.S. 473, 484 (2000).** *See also United States v. Fleming,* **676 F.3d 621, 625 (7th Cir. 2012).**

Charles Staples has two prior convictions (a controlled substance conviction and an Illinois armed robbery conviction) which do not depend on the residual clause of the ACCA or any residual clause of the Guidelines. His designation as a career offender was grounded on prior convictions which still count as predicates after *Johnson* and its progeny. So assuming the Court could reach the merits of Staples' petition, no relief would be warranted. Reasonable jurists would not find debatable the conclusion that Staples has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court **DECLINES** to issue a certificate of appealability. The Clerk's Office shall send a copy of this Order directly to Petitioner Staples.

IT IS SO ORDERED.

DATED: November 22, 2016.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge
